IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY POWELL, | ) | CASE NO. 5:19-CV-01912 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN SHELBIE SMITH, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

## I. Introduction

Before this Court is the pro se petition of Tiffany Powell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Powell was incarcerated at the Ohio Reformatory for Women in Marysville, Ohio at the time of this filing, having been convicted in Ohio state court on charges of Aggravated Murder and Obstructing Justice.[2] The State of Ohio filed a motion to dismiss Powell's petition as time-barred under 28 U.S.C. § 2254,[3] to which Powell responded with a traverse reiterating the grounds raised in her initial petition.[4] The State filed a response to Powell's traverse.[5]

For the following reasons, the State's motion to dismiss Powell's petition for

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 10.

untimeliness should be granted.

## II. Procedural History

### A. State Conviction

Powell was indicted by the Summit County Grand Jury on May 6, 2014. The indictment included one count of Aggravated Murder, one count of Complicity to Commit Aggravated Murder, and one count of Obstructing Justice.[6] She pleaded not guilty on all of the charges.[7] Prior to trial, Powell requested a competency and sanity evaluation,[8] and both parties stipulated to the subsequent findings that Powell did not suffer from any kind of mental defect or disorder at the time of the offense and was competent to stand trial.[9]

The Court dismissed Powell's charge of Complicity to Commit Aggravated Murder prior to trial. The Court offered jury instructions that permitted conviction for Aggravated Murder, or the lesser included offenses of Murder and Reckless Homicide, Complicity instructions for each, and Obstruction of Justice.[10] At trial, the jury convicted Powell on her remaining charges. The Court subsequently sentenced Powell to life in prison with parole eligibility after thirty years for Aggravated Murder, and thirty consecutive months in prison for Obstructing Justice.

### B. Direct Appeal

Powell, having secured new counsel, appealed the trial court ruling to the Ohio

---

[6] Exhibit 1, Indictment, Case No. CR 2014 04 1179(A), R.p. 1.
[7] Exhibit 2, Entry, R.p. 4.
[8] Exhibit 3, Motion, R.p. 5.
[9] Exhibit 6, Entry, R.p. 9.
[10] Exhibit 8, Entry, R.p. 16–25.

Court of Appeals, Ninth Appellate District.[11] In her appeal, Powell raised the following assignments of error:[12]

> 1. The trial court erred and denied Tiffany Powell due process of law through its evidentiary rulings preventing Tiffany Powell from a fair opportunity to defend against the accusations of the State.
>
> 2. Tiffany Powell's conviction is based upon insufficient evidence.
>
> 3. Tiffany Powell's conviction is against the manifest weight of the evidence.
>
> 4. The trial court erred and denied Tiffany Powell due process of law through its grant of an additional peremptory challenge to the State in violation of Criminal Rule 24(G) and (E) and in violation of the *Batson* Rule.
>
> 5. The trial court erred and denied Tiffany Powell due process of law by not excusing jurors Grande and Hale given their expressed answers during voir dire that they cannot be fair and impartial jurors.
>
> 6. The trial court erred and denied Tiffany Powell due process of law by not allowing the requested instruction for involuntary manslaughter.
>
> 7. The trial court erred and denied Tiffany Powell due process of law by allowing the State's DNA expert witness to testify on matters of scientific conjecture and erred when the trial court allowed the coroner to use cumulative gruesome photographs; both in violation of Evid. R. 403(B).

The State filed a brief in opposition to these assignments of error.[13] On June 30, 2017, the Ohio Court of Appeals affirmed the judgment of the trial court.[14]

Powell pro se filed a Notice of Appeal with the Ohio Supreme Court on October 17, 2017,[15] as well as a motion for delayed appeal.[16] The Ohio Supreme Court granted the delayed appeal. Powell raised the following propositions of law in her memorandum in

---

[11] Exhibit 10, Notice of Appeal, Case No. 28170, R.p. 28.
[12] Exhibit 11, Brief, R.p. 29, 35–36.
[13] Exhibit 12, Brief, R.p. 63.
[14] Exhibit 13, Decision, R.p. 1000.
[15] Exhibit 14, Notice of Appeal, R.p. 126.
[16] Exhibit 15, Motion, R.p. 129.

support of jurisdiction:[17]

> 1. The trial court errored [sic] and denied Tiffany Powell due process of law through its evidentiary rulings preventing Tiffany Powell from a fair opportunity to defend against the accusations of the State.
>
> 2. Tiffany Powell's conviction is against the manifest weight of the evidence.
>
> 3. The trial court erred and denied Tiffany Powell due process of law through its grant of an additional peremptory challenge to the State in violation of 24(G) and (E) and in violation of the *Batson* Rule.
>
> 4. The trial court errored [sic] and denied Tiffany Powell due process of law by not excusing jurors Grande and Hale giving their expressed answers during voir dire that they cannot be fair and impartial jurors.
>
> 5. The trial court errored [sic] and denied Tiffany Powell due process of law by not allowing the requested instruction for involuntary manslaughter.
>
> 6. The trial court errored [sic] and denied Tiffany Powell due process of law by allowing the State DNA expert witness to testify on matters of scientific conjecture and errored [sic] when the trial court allow [sic] the coroner to use cumulative gruesome photographs. Both in violation of Evid. R. 403(B).

The State waived its response.[18] On May 9, 2018, the Supreme Court of Ohio declined jurisdiction over the appeal.[19] On June 25, 2018, Powell moved the Ohio Supreme Court to reopen her case,[20] which the court denied on August 15, 2018.[21]

### C. Petition to Vacate or Set Aside Judgment of Sentence or Conviction

Powell pro se filed a Petition to Vacate or Set Aside Judgment of Sentence or Conviction on June 26, 2018 in the Ohio Court of Appeals.[22] Powell raised the following claims in her petition:[23]

---

[17] Exhibit 17, Jurisdictional Memorandum, R.p. 166, 176-78.
[18] Exhibit 18, Waiver, R.p. 182.
[19] Exhibit 19, Entry, R.p. 183.
[20] Exhibit 20, R.p. 184.
[21] Exhibit 21, R.p. 192.
[22] Exhibit 22, Post-Conviction Petition, R.p. 193.
[23] *Id.*

1. Ineffective assistance of counsel.

My attorney didn't provide a battered women's expert.

2. Defendant was denied right of a fair trial 2725.01. [sic].

The State did not allow me to give instructions for involuntary manslaughter and the battered women's syndrome defense. Prosecutor gave false testimony that I was not in physical presence.

Transcripts prove I was in physical presence through the emergency call of operator telling me to get away from the gun Mr. Harris brought in my home.

On July 9, 2018, the appellate court found the petition was captioned in the trial court, and the petition was subsequently stricken from the appellate court docket.[24]

### D. Petition for Federal Habeas Corpus

Powell pro se filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court.[25] She represents that she provided it to the prison staff for mailing on August 8, 2019, which would comply with the well-established "Mailbox Rule."[26] Powell presents the following grounds in her Petition:[27]

> GROUND ONE: Trial court erred and denied Tiffany Powell due process of law through its evidentiary rulings preventing [sic] from a fair opportunity to defend against the accusations of the State.
>
> GROUND TWO: Tiffany Powell's conviction is based upon insufficient evidence.
>
> GROUND THREE: Tiffany Powell's conviction is against the manifest weight of the evidence.
>
> GROUND FOUR: The trial court erred and denied Tiffany Powell due process of law through its grant of an additional peremptory challenge to the in violation of the Batson rule.

---

[24] Exhibit 23, Order, R.p. 207.
[25] ECF No. 1, Petition, p.16.
[26] See Houston v. Lack, 487 U.S. 266 (1988).
[27] ECF No. 1, at p. 5–11.

5

GROUND FIVE: The trial court erred and denied Tiffany Powell due process of law by not excusing [Juror # 27 sic] and [Juror No. 2] given their expressed answers during voir dire that they cannot be fair and impartial jurors.

GROUND SIX: The trial court erred and denied Tiffany Powell due process of law by not allowing the requested instruction for involuntary manslaughter.

GROUND SEVEN: The trial court erred and denied Tiffany Powell due process of law by allowing the State's DNA expert witness to testify on matters of scientific conjecture and erred when the trial court allowed the coroner to use cumulative gruesome photographs.

GROUND EIGHT: Counsel did not challenge the false accusations that Powell was not in the physical presence of victim's gun when the 911 call Powell made clearly states from operator telling Powell to get away from the gun. Because prosecutor made this false statement Powell was not allowed to use instructions of self-defense-battered women's syndrome law.

GROUND NINE: Counsel did not appeal or excuse juror who stated that he was a little prejudice.

GROUND TEN: Counsel did not call in important witnesses that could have testified on the truth.

GROUND ELEVEN: Counsel did not bring forth the factual evidence that police tampered with evidence by taking apart victim's gun at the scene.

### III. Analysis

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[28] a person who is in custody as a result of a state court judgment must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[28] ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, PL 104–132, April 24, 1996, 110 Stat 1214.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[29]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[30] State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[31]

"The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[32] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[33]

Moreover, whereas there is tolling for the intervals between the state court judgments on post-conviction appeals, there is no such tolling under 28 U.S.C. § 2244(d)(2)

---

[29] 28 U.S.C. § 2244(d)(1).
[30] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[31] *See Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).
[32] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).
[33] *Id.*

for the ninety-day period in which a petitioner may apply for a writ of certiorari to the United States Supreme Court following the state's denial of post-conviction or other collateral relief.[34] Because a motion for leave to file a delayed appeal is collateral relief and not part of the direct appeal process, a petitioner is not entitled to tolling for an additional ninety days in order to enable her to seek certiorari after the Ohio Supreme Court denies her motion for delayed appeal.[35]

The AEDPA's statute of limitations is subject to equitable tolling where "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[36] Equitable tolling is offered infrequently, and claims seeking equitable tolling are generally subject to a high level of scrutiny.[37] The burden of proof is on the petitioner to show that she meets the requirements of equitable tolling.[38] A habeas petitioner is entitled to equitable tolling if she establishes that (1) "she has been pursuing her rights diligently;" and (2) "some extraordinary circumstance stood in her way and prevented timely filing."[39] Although the Sixth Circuit previously used a five-factor analysis in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v.*

---

[34] 28 U.S.C. § 2244(d)(2). *See Miller v. Dragovich*, 311 F.3d 574 (3d Cir. 2002). *See also Abela v. Martin*, 309 F.3d 338 (6th Cir. 2002), *reh'g en banc granted, judgment vacated,* 318 F.3d 1155 (6th Cir. 2003), and *on reh'g en banc,* 348 F.3d 164 (6th Cir. 2003).
[35] *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007).
[36] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).
[37] *Id.*
[38] *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).
[39] *Id.* (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).

8

*Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[40]

## IV. Application

### 1. The Petition is time-barred.

For the purposes of applying the limitation period provided for in 28 U.S.C. § 2244(d)(1) here, it is clear that the provision contained in § 2244(d)(1)(A) is the applicable standard. This is the case because Powell has not asserted, nor is there any evidence in the record to suggest, that the provisions contained in § 2244(d)(1)(B) through (D) apply to Powell's claims: Powell has not alleged the existence of any State created impediment to her petition, she has not asserted the existence of a newly recognized constitutional right, nor has she argued any additional factual predicate to her claim not discovered for lack of due diligence. Indeed, the errors that Powell alleges are said to have occurred at the trial court level. Accordingly, Powell's petition and the grounds asserted therein are governed under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when her conviction became final at the conclusion of direct review of her case or at the time at which her time for seeking direct review expired.

Following her sentencing on February 29, 2016,[41] Powell made a timely appeal to the Ohio Court of Appeals on March 22, 2016,[42] where her trial court conviction was

---

[40] *Hall*, 662 F.3d at 750.
[41] Exhibit 9, Entry, R.p. 26.
[42] Exhibit 10, Notice of Appeal, R.p. 28.

affirmed on June 30, 2017.[43] Powell did not appeal to the Ohio Supreme Court within the permitted 45 day direct appeal period,[44] and thus her conviction became final at the end of that 45 day period on August 14, 2017. The statute of limitations provided for in the AEDPA began to run on August 15, 2017, and would have expired one year later on August 15, 2018 but for any tolling events.

The AEDPA statute of limitations ran until Powell filed a notice of appeal accompanied by a motion for delayed appeal in the Ohio Supreme Court on October 12, 2017,[45] approximately 63 days after the statute began to run. The statute continued to toll after the Ohio Supreme Court granted Powell's motion for delayed appeal, and resumed running on May 20, 2018, the day after the Ohio Supreme Court declined jurisdiction over Powell's appeal and dismissed her claim.[46] Whereas Powell would have had an additional ninety days' tolling to seek certiorari at the United States Supreme Court on direct appeal, no such tolling occurred here as here the matter was brought as a collateral proceeding, not direct appeal.[47]

Powell moved the Ohio Supreme Court to reopen her case on June 25, 2018.[48] While the State correctly indicates that there is some legal ambiguity as to whether such a motion is "properly filed" for the purposes of statutory tolling as it is not provided for in the rules,

---

[43] Exhibit 13, Decision, R.p. 100.
[44] S. Ct. Prac. R. 7.08(B)(4).
[45] Exhibits 14 and 15, Notice and Motion, R.p. 126, 129.
[46] Exhibit 19, Entry, R.p. 183.
[47] *See Lawrence*, 549 U.S. at 333–34.
[48] Exhibit 20, Motion, R.p. 184.

resolving that issue does not alter the conclusion that the petition is time-barred.[49] Even if the habeas period were extended by 51 days to account for the time Powell's motion to reopen was pending, the fact remains that Powell filed her petition for habeas corpus on August 22, 2019, or some 106 days after the federal limitations period would have ended.[50] Accordingly, Powell's federal habeas petition is time-barred and should be dismissed.

### *2. Powell is not entitled to equitable tolling or the miscarriage of justice gateway.*

Powell has not demonstrated through her submitted materials or otherwise that she is able to meet the high burden required to show entitlement to equitable tolling of the AEDPA statute of limitations. This Circuit has consistently recognized that circumstances which might entitle a petitioner to equitable tolling are vanishingly rare, and require the petitioner to show that she was otherwise pursuing her rights diligently but was prevented from timely filing by extraordinary circumstances outside of her control.[51] Here, Powell is silent in her petition as to why her filing occurred well outside of the statute of limitations.

---

[49] Essentially, as noted above, the habeas clock had 302 days on it on May 20, 2018 when it resumed running after the Supreme Court of Ohio declined to accept jurisdiction in Powell's original appeal. As such, without more, the habeas limitations clock would have expired on March 18, 2019. The period between when Powell sought to reopen her appeal in the Ohio Supreme Court (June 25, 2018) and when that motion was denied is 51 days (August 15, 2018). Thus, even assuming the motion to reopen was properly filed and so tolled the federal limitations period, the federal limitations period would then have ended on May 8, 2019. The present petition was filed August 22, 2019, or well beyond the expiration of the federal limitations period.

[50] Assuming that Powell's motion to the Ohio Supreme Court to reopen her case was "properly filed" for the purposes of statutory tolling, her motion caused the statute to toll from June 25, 2018 until August 16, 2018 (the day after the Ohio Supreme Court declined to reopen her case). The statute then ran for its remaining 266 days, expiring on May 9, 2019, almost 3 months prior to the date on which Powell filed this Petition.

[51] *See McClendon,* 329 F.3d 490.

11

She has not presented any evidence as to her diligently pursuing her rights or extraordinary circumstances preventing her timely filing. Accordingly, she is not entitled to equitable tolling of the AEDPA statute of limitations. Additionally, Powell has brought no evidence indicating a miscarriage of justice sufficient to overcome the AEDPA statute of limitations.[52] Accordingly, Powell's petition is time-barred and not entitled to equitable tolling.

    IT IS SO RECOMMENDED.

Dated: August 14, 2020                                                       s/William H. Baughman Jr.
                                                                                          United States Magistrate Judge

---

[52] To overcome the AEDPA statute of limitations via the miscarriage of justice gateway, a petitioner must bring "new, reliable evidence" indicating actual innocence such that a miscarriage would occur if the petition is not heard. *Schlup v. Delo*, 513 U.S. 298, 317 (1995).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.*

---

* *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).