# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **TIFFANY POWELL,** | ) | CASE NO. 5:19CV1912 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **SHELBIE SMITH, Warden,** | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Tiffany Powell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation (Doc. 19), **GRANTS** Respondent's Motion to Dismiss (Doc. 8) and **DISMISSES** Petitioner's Petition as time barred.

## FACTS

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

In May of 2014, a Stark County, Ohio Grand Jury indicted Petitioner with one count of Aggravated Murder, one count of Complicity to Commit Aggravated Murder and one count of Obstructing Justice. Prior to trial, the court dismissed the Complicity charge. In January of 2016, a Jury convicted Petitioner on both remaining counts. The trial court sentenced Petitioner to life in prison, with parole eligibility after 30 years.

Petitioner timely appealed her conviction. On June 30, 2017, the appellate court affirmed Petitioner's conviction and sentence. On October 17, 2017, Petitioner moved the Ohio Supreme Court for a delayed appeal, which the Court granted. However, the State Supreme Court ultimately declined jurisdiction on May 9, 2018. On June 25, 2018, Petitioner asked the same court to reopen her case. On August 15, 2018, the State Supreme Court again denied Petitioner's request.

On August 8, 2018, Petitioner mailed her instant Petition for habeas relief. She asserted the following grounds for relief:

> **GROUND ONE:** Trial court erred and denied [Petitioner] due process of law through its evidentiary ruling preventing [Petitioner, sic] from a fair opportunity to defend against the accusations of [the] State.
>
> **GROUND TWO:** [Petitioner's] conviction is based upon insufficient evidence.
>
> **GROUND THREE:** [Petitioner's] conviction is against the manifest weight of [the] evidence.
>
> **GROUND FOUR:** The trial court erred and denied [Petitioner] due process of law through its grant of an additional peremptory challenge to the State in violation of *Batson* rule.
>
> **GROUND FIVE:** The trial court erred and denied [Petitioner] due process of law by not excusing Juror #27 and Juror #2 given their expressed answers during voir dire that they cannot be fair and impartial jurors.
>
> **GROUND SIX:** The trial court erred and denied [Petitioner] due process of law by not allowing the requested instructions for involuntary manslaughter.
>
> **GROUND SEVEN:** The trial court erred and denied [Petitioner] due process of law by allowing the State's DNA expert witness to testify on matters of scientific conjecture and erred when the trial court allowed the coroner to use cumulative gruesome photographs.
>
> **GROUND EIGHT:** Counsel did not challenge the false accusations that [Petitioner] was not in the physical presence of victim's gun when the 911 call [Petitioner] made clearly states from operator telling [Petitioner] to get

>away from the gun, because prosecutor made this false statement [Petitioner] was not allowed to use instructions of self-defense – battered women's syndrome law.
>
>**GROUND NINE:** Counsel did not appeal or excuse juror who[] stated he was a little prejudice.
>
>**GROUND TEN:** Counsel did not call in important witnesses that could have testified on the truth.
>
>**GROUND ELEVEN:** Counsel did not bring forth the factual evidence that police tampered with evidence by taking apart [the] victim's gun at the scene.

(Doc. 1, PageID: 5-11).

On August 26, 2019, the Court referred Petitioner's Petition to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation. (Doc. 3). On December 5, 2019, Respondent filed a Motion to Dismiss the Petition as untimely. (Doc. 8). On December 16, 2019, Petitioner filed her Opposition (Doc. 9) and Respondent Replied shortly thereafter (Doc. 10). After she received permission, Petitioner supplemented her opposition (Docs. 16 & 18). Petitioner included a lengthy Affidavit in her supplemented opposition. (*See* Doc. 18-2). Petitioner also requested the assistance of counsel. (Doc. 17).

On August 14, 2020, the Magistrate Judge issued his Report and Recommendation, in which he recommended the Court grant Respondent's Motion and dismiss the Petition. (Doc. 19). On August 30, 2020, Petitioner mailed her Objection to the Report and Recommendation. (Doc. 20). On September 14, 2020, Petitioner Supplemented her Objection. (Doc. 21).

### STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of the AEDPA state:

>(d)(1) A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Rule 8(b)(4) of the Rules Governing § 2254 states:

>A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's Petition is barred by the statute of limitations. Specifically, the Magistrate Judge determined the statute of limitations clock began to run on August 15, 2017. Giving Petitioner the benefit of the doubt,[1] the Magistrate Judge then

---

[1] The Magistrate Judge assumed the clock was tolled while the Ohio Supreme Court considered Petitioner's motion to reopen her case. (*See* Doc. 19, PageID: 347, note 50).

determined that Petitioner had until May 9, 2019 to file her Petition in Federal court.  Since Petitioner did not file her Petition until August 8, 2019, her Petition was untimely under § 2244(d)(1)(A).  Moreover, the Magistrate Judge determined that Petitioner was not entitled to either equitable tolling or the miscarriage of justice gateway.

Petitioner does not object to the Magistrate Judge's determination of time under § 2244(d)(1)(A) and concedes her Petition is untimely.  Petitioner does disagree however, with the Magistrate Judge's determination considering the miscarriage of justice gateway.  Petitioner objects claiming she has presented "strong arguments and pointed to 'new and reliable evidence' in [her] Affidavit indicating a miscarriage of justice sufficient to overcome the AEDPA statute of limitations."  (Doc. 20, PageID: 350).  Therefore, under the "actual innocence" exception articulated in both *Schlup v. Delo*, 513 U.S. 298 (1995) and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), Petitioner believes the Court can consider the merits of Petitioner's claims.

For the following reasons, Petitioner's arguments lack merit.

**Actual Innocence**

"A habeas petitioner is entitled to an equitable exception to AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence."  *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *Perkins*, 569 U.S. at 392).  To establish entitlement to the actual-innocence exception, a petitioner "must support [her] allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial."  *Id.* (citing *House v.* Bell, 547 U.S. 518, 537 (2006)).  Consequently, "actual innocence means factual innocence, not mere legal insufficiency."  *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citation omitted).

As a result, actual-innocence gateway pleas are rare.  *Perkins*, 569 U.S. at 386.   They apply only in a "severely confined category" of cases.  *Id.* at 394-95.  *See also Souter*, 395 F.3d at 590 ("the actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case'") (quoting *Schlup*, 513 U.S. at 324).  Accordingly, the actual-innocence gateway "should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'"  *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

Petitioner has not demonstrated that her case is an 'extraordinary case' justifying the actual innocence exception.  She has not supported her Petition with any new, reliable evidence, like exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial.

Her Affidavit—which she claims presents 'new and reliable evidence'—is void of any such thing.  Instead, it presents her theory of the case and makes various arguments about errors that occurred during trial.  The claims that she does make concerning counsel's failures to present certain evidence are not supported by any detail.  For example, Ground Ten claims that counsel neglected to call important witnesses that could have testified "on the truth."  But that claim is unsupported by the name of the witness(es) or the potentially relevant testimony.  And again, she neglects to attach any other evidence that she claims should have been presented at trial.

The same is true for Petitioner's Supplemental Objection to the Report and Recommendation.  Again, she purports to supplement her objection "with additional evidence under the gateway of actual innocence / gateway of miscarriage of justice[.]"  (Doc. 21, PageID:

355). But Petitioner's Supplement does no such thing. Instead, she attaches documents already included in trial and appellate record. She directs the Court to other portions of the habeas Record. Throughout it all, Petitioner highlights (in her mind) the legal inconsistencies throughout her proceedings. However, this objection again fails because no new evidence is presented.[2]

In sum then, Petitioner's objections can be characterized as an attempt to poke holes in her conviction by questioning the State's theory of the case, the credibility of witnesses and the possible "what-ifs" had counsel performed effectively. As stated above, actual innocence means factual innocence and not mere legal insufficiency. Petitioner's Affidavit and Supplement highlight perceived legal insufficiencies. Accordingly, neither document can support her claim of actual innocence.

Petitioner also requests additional time to receive and review the transcripts of her trial and her codefendant's trial. She argues that her claim of actual innocence is supported by a review of the trial transcripts. But this claim necessarily undermines the baseline requirement of the actual innocence exception—new evidence not presented at trial. By relying on the trial transcripts then, Petitioner is attacking the legal sufficiency of her conviction. While she may have been able to pursue this line of attack had she timely filed her Petition, she cannot use this justification as an attempt to avoid the AEDPA's one-year statute of limitations.

As for Petitioner's request for counsel (Doc. 17), the Court denies her request. A petitioner does not have a constitutional right to habeas counsel. *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). However, Rule 8 of the Rules Governing § 2254 Cases allows a court

---

[2] Petitioner also requested to amend her Grounds for Relief in her Supplement. The Court denies her request. The proposed amendments have no impact on either (1) the calculation of time under the statute of limitations or (2) Petitioner's claim of actual innocence.

to appoint counsel when an evidentiary hearing is required. Rule 8(c) of Rules Governing § 2254 Cases. But no evidentiary hearing is required here. Petitioner does not contest the Magistrate Judge's calculation of time. Furthermore, Petitioner has not presented new evidence that would necessitate an evidentiary hearing. Accordingly, Petitioner's request for counsel is denied.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation (Doc. 19), **GRANTS** Respondent's Motion to Dismiss (Doc. 8) and **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) as time-barred. The Court also **DENIES** Petitioner's request for counsel (Doc. 17) and her supplemental oppositions to Respondent's Motion (Docs. 16 & 18).

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to her conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: October 2, 2020**