UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY POWELL, | ) | CASE NO. 5:19CV1912 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| SHELBIE SMITH, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

Before the Court is Petitioner's Motion to Reconsider (Doc. 25) the Order adopting the Report and Recommendation, granting Respondent's Motion to Dismiss and dismissing Petitioner's Petition as time-barred (*see* Doc. 23). In her reconsideration request, Petitioner disagrees with the Court's certificate of appealability analysis. Petitioner also claims the Court neglected to consider her Second Supplemental Objection (*see* Doc. 22). Finally, Petitioner provides equitable estoppel arguments against enforcing the limitations period.

Petitioner's Motion for Reconsideration is without merit. Federal Rule of Civil Procedure 59(e) allows "the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The Rule "permits district courts to amend judgments where there is '(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *United States v. Reeves*, 2013 WL 6507353,

*1 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  While not brought neatly under this rubric, Petitioner appears to ask the Court to reconsider due to a combination of legal errors, unconsidered evidence and, ultimately, the need to prevent a manifest injustice.

Petitioner's first attack goes to the certificate of appealability analysis.  After reiterating the Court's holding, Petitioner concludes that she disagrees.  Beyond that disagreement, Petitioner provides no further analysis.  Without clarity as to the disagreement, the Court cannot reconsider its holding.

Next, Petitioner points out that the Court did not consider her Second Supplemental Objection (Doc. 22) in its Order.  While technically correct, the Second Supplement had no impact on the Court's holding.  Instead, it merely relies on positions in her First Supplement and adds six additional grounds for relief.  But nothing in her Second Supplement goes to the disputed issue—whether Petitioner satisfied the actual innocence exception to excuse her untimely filing.  Again, the reliance on trial exhibits and transcripts are not 'new evidence' to fall within the exception.  And none of the proposed grounds for relief speak to the same issue.  Therefore, since Petitioner's Second Supplement has no impact on the Court's prior rationale and holding, the Court declines to reconsider its prior Order.

Finally, Petitioner's request for reconsideration raises new legal challenges that she did not raise before in her Objection to the Magistrate Judge's Report and Recommendation.  The Court finds it improper to consider these new objections in Petitioner's reconsideration request.

Accordingly, Petitioner's Motion for Reconsideration is without merit and **DENIED**.

Petitioner also seeks additional time to appeal the Court's prior Order.  While the Court is sympathetic to the conditions and restrictions prisoners face during the COVID-19 pandemic, this does not change the Court's underlying certificate of appealability analysis.  While Petitioner

may attempt to appeal the Court's Order, the Court does not believe it would be taken in good faith. Therefore, the Court **DENIES** Petitioner's Motion for Leave to Filed a Delayed Notice of Appeal (Doc. 26) and Motion to Reopen the Time to Appeal (Doc. 27).

    **IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: July 28, 2021**